IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CV-167-FL

| | |
|---|---|
| ADRIAN SHERMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **ORDER**<br>THE UNIVERSITY OF NORTH )<br>CAROLINA AT WILMINGTON; PAUL )<br>HOSIER, in his official capacity as Provost )<br>and Vice Chancellor of the University of )<br>North Carolina at Wilmington; )<br>RAYMOND BURT, in his official )<br>capacity as Associate Provost for )<br>Academic Affairs of the University of )<br>North Carolina at Wilmington; and )<br>DAVID CORDLE, in his official capacity )<br>as Dean of the College of Arts and )<br>Sciences at the University of North )<br>Carolina at Wilmington, )<br>)<br>Defendants. ) | |

This employment-related action is before the court on defendants' motions to dismiss.[1] (DE #8, 9.) United States Magistrate Judge James E. Gates entered a Memorandum and Recommendation ("M&R") recommending that defendants' motions be granted with respect to all claims, except plaintiff's § 1983 procedural due process claim against the individual defendants seeking prospective equitable relief. (DE #25.) Plaintiff and defendants timely filed objections to

---

[1] Defendants also have filed motion for summary judgment, lodged on the docket September 2, 2008. The motion, to which plaintiff responded on September 22, 2008, is not yet ripe. The court does not address the motion for summary judgment in the instant order.

the M&R. (DE #27, 28.) The issues raised are ripe for ruling. For the reasons that follow, the court adopts in large part and rejects in remaining part the M&R of the magistrate judge. The court grants defendants' motions to dismiss all claims with prejudice pursuant to Rule 12(b)(6), except plaintiff's § 1983 property interest procedural due process claim seeking prospective equitable relief against the individual defendants.

## BACKGROUND

Plaintiff filed complaint in the instant action on October 10, 2007 against the University of North Carolina at Wilmington ("UNCW"), and university officials Paul Hosier, Raymond Burt, and David Cordle in their official capacities. Plaintiff asserts essentially four claims relating to his allegedly involuntary resignation from a tenured position at UNCW: (1) violation of his procedural due process rights under the United States Constitution; (2) violation of his procedural due process rights under North Carolina law; (3) invasion of his alleged right to privacy under the United States Constitution; and (4) invasion of his alleged privacy rights under North Carolina law, including section 603 of the Code of the Board of Governors of the University of North Carolina.

The complaint seeks compensatory damages and equitable relief, including plaintiff's reinstatement to the faculty of UNCW, provision of the full due process required, and a directive that UNCW expunge from plaintiff's record all wrongful actions taken by defendants. The complaint also requests attorneys' fees, and costs. Defendants deny plaintiff's allegations and seek now dismissal of this suit.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6)

2

motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). "Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. at 244. Though specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." Id. at 1973.

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Where both plaintiff and defendants have raised objections, the court considers each in turn below.

### A. Defendants' M&R Objections

Defendants first object to various aspects of the M&R's treatment of plaintiff's liberty interest due process claim. A constitutional right to procedural due process may exist when governmental action threatens a person's liberty interest in his reputation or choice of occupation. See Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972) (recognizing that notice and hearing would have been required if the State, in declining to rehire the respondent, had made "any charge against him that might seriously damage his standing and associations in the community" or had "imposed on him

3

a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities."). To succeed on such a claim, a plaintiff must prove four elements: 1) that the employer's statements were made in the course of a discharge or significant demotion; 2) that the employer's remarks constitute a charge of a serious character defect; 3) that the employer's remarks were public, and 4) that the employer's remarks were false. Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 308 (4th Cir. 2006); Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 167, 172 n.5 (4th Cir. 1988).

Defendants argue and this court agrees that the M&R failed to fully state this legal standard. Defendants further contend that plaintiff's complaint fails to adequately allege facts showing three of the four factors required by Ridpath and Stone: namely, that defendants' statements to the media were false, that they related to plaintiff's discharge or significant demotion, and that they constituted a charge of a serious character defect. The court first considers whether plaintiff sufficiently alleged falsity. Plaintiff alleges that defendants "indiscreetly and wrongfully" informed the news media that UNCW had suspended plaintiff and relieved him of his duties as Assistant Provost of International Programs. (Compl. ¶ 96.) Nowhere in the complaint, however, does plaintiff allege that defendants' statements were false. To the contrary, plaintiff admits that he was suspended and relieved of his duties. (Compl. ¶¶ 76, 77, 91.) "There can be no deprivation of liberty unless the stigmatizing charges at issue are false." Ridpath, 447 F.3d at 312. Since plaintiff has not alleged falsity, and has, to the contrary, admitted that defendants' statements to the media were true, plaintiff cannot prove any set of facts that would entitle him to relief on his liberty interest due process claim.

Having found that plaintiff, by admitting the truth of defendants' contested statements to the media, cannot prove any set of facts that would entitle him to relief on his liberty interest due process

4

claim, the court need not consider whether plaintiff properly alleged facts supporting the other Stone and Ridpath factors. Nor need the court consider whether plaintiff adequately alleged that defendants did not provide him with the procedural due process to which he purports he was entitled. Accordingly, the court declines to follow the portion of the M&R recommending that defendants' motions to dismiss be denied with respect to plaintiff's liberty interest due process claim, and instead dismisses that claim for failure to state a claim upon which relief can be granted.

Defendants next object to various aspects of the M&R's treatment of plaintiff's property interest due process claim. Defendants first object to the M&R's characterization that plaintiff was suspended "before any investigation could be conducted." The court agrees that this misstates the allegations of the complaint, and the court therefore clarifies that plaintiff alleges he was suspended after the investigation had begun, but before it had been completed. (Compl. ¶ 75.)

Defendants object to the M&R's conclusion that "the allegations of this civil rights complaint, taken as true, are sufficient to amount to a claim for involuntary resignation or constructive discharge such that plaintiff was entitled to procedural due process protections." (M&R 17.) If plaintiff's resignation from UNCW "was so involuntary that it amounted to a constructive discharge, it must be considered a deprivation by state action triggering the protections of the due process clause." Stone, 855 F.2d at 173. When reviewing a claim of constructive discharge, courts look to the factual circumstances surrounding the resignation. Id. at 174. Courts have found resignations to be involuntary in two circumstances: 1) where the resignation was induced by "an employee's reasonable reliance upon an employer's misrepresentation of a material fact concerning the resignation," and 2) where the resignation was obtained by the employer's duress or coercion. Id.

5

Although plaintiff may or may not ultimately prevail on the merits of these claims, at this stage of the proceedings, plaintiff's allegations, taken as true, are sufficient to state a property interest procedural due process claim under both involuntary resignation theories. Plaintiff has alleged in his complaint that before any investigation could be completed, he was suspended from his teaching position and stripped of his duties as Assistant Provost for International Programs. (Compl. ¶¶ 75-77.) He was informed that further disciplinary action, including dismissal, was a potential outcome. (Id. ¶ 78.) Defendant Burt ordered plaintiff to turn in his keys and not to have any contact with staff or students. (Id. ¶¶ 80, 81.) Plaintiff was advised to cancel a UNCW-sponsored trip to a conference because UNCW would not pay for him to attend as a university representative, but it was suggested that he might want to go on his own behalf "to look for a job." (Id. ¶¶ 82, 83.) Defendant Burt also advised plaintiff that he had "no future at the University" and that he could "stop this whole thing now, if [he] would resign." (Id. ¶ 84.) In addition, Defendant Burt falsely advised plaintiff that he could not tell plaintiff what the charges were against him until after plaintiff was discharged, and that if he contested the forthcoming charges by requesting a hearing before a faculty committee it would become a matter of public record. (Id. ¶¶ 85, 86.) Finally, following the completion of UNCW's investigation of plaintiff, Defendant Cordle informed plaintiff that he would be recommending to Defendant Hosier that plaintiff be discharged. (Id. ¶ 102.) Defendant Cordle told plaintiff he could stop the process and make it go away if he would resign. (Id. ¶ 107.) Feeling pressured, plaintiff believed he had no other option than to resign. (Id. ¶ 108.)

Defendants contend that plaintiff "could not have reasonably relied on any of the misrepresentations he alleges Defendants made," because plaintiff was an experienced professor with twenty-five years experience, and because defendants gave plaintiff a copy of section 603 of the

Code of the Board of Governors of the University of North Carolina, which spells out the rights of tenured professors. (Def.'s Objs. 12.) When reviewing a motion under Rule 12(b)(6), however, a court must accept as true all of plaintiff's well-pleaded allegations. Drawing all reasonable factual inferences from the facts alleged in the complaint in plaintiff's favor, the court finds that plaintiff has alleged that he reasonably relied on the statements of defendants, and that plaintiff stated a claim under the misrepresentation theory.

Defendants' contention that plaintiff has not stated a claim under the coercion or duress theory of involuntary resignation is equally unavailing. "Under the 'duress/coercion' theory, a resignation may be found involuntary if on the totality of circumstances it appears that the employer's conduct in requesting resignation effectively deprived the employee of free choice in the matter." Stone, 855 F.2d at 174. Plaintiff's allegation, construed in his favor, that he had "no other option" than to resign is sufficient to support this claim at this stage in the proceedings. (Compl. ¶ 108.)

The court also rejects defendants' objection that "because Plaintiff resigned before due process began, he cannot now complain he was not afforded due process." (Def.'s Objs. 15.) Plaintiff's claim is based on an involuntary resignation theory. As noted above, plaintiff's allegations are sufficient to support a claim of involuntary resignation, and since an involuntary resignation can trigger the protections of the due process clause, Stone, 855 F.2d at 173, plaintiff's allegations that he was not provided an opportunity to be informed of the specific charges against him, contest the charges at a hearing, or offer a defense to the allegations asserted, either before or after the deprivation occurred, are sufficient to state a property interest due process claim.

7

Defendants' final objection alleges that plaintiff cannot seek prospective injunctive relief because he is not suffering from any ongoing violation of federal law. In Coakley v. Welch, the Fourth Circuit held that a terminated state employee alleged an ongoing violation of federal law where the employee alleged state conduct "that, while no longer giving him daily attention, continues to harm him by preventing him from obtaining the benefits of [state] employment." 877 F.2d 304, 307 n.2 (4th Cir. 1989). Plaintiff has sufficiently alleged that defendants' actions have prevented him from obtaining the benefits of his tenured employment at UNCW. Defendants contend, again, that no state action regarding plaintiff's employment was taken prior to plaintiff's resignation. As noted above, plaintiff has alleged that his resignation was involuntary. Taken as true, this is sufficient to support his claim at this stage of the litigation for prospective injunctive relief for an ongoing violation of federal law.

### B. Plaintiff's M&R Objections

Plaintiff objects to the recommendation that all claims be dismissed except the § 1983 procedural due process claim against the individual defendants seeking prospective injunctive relief, to the extent the recommendation 1) precludes plaintiff from seeking recovery of back pay, and 2) precludes plaintiff from recovery of attorneys fees and costs, should plaintiff ultimately prevail on the merits.

"Plaintiff interprets the Magistrate recommendation to allow Plaintiff to proceed on his § 1983 procedural due process claim against the individual defendants for prospective injunctive relief to necessarily include reinstatement *with back pay*." (Pl.'s objs. 2) (emphasis in original). The court agrees with plaintiff's interpretation. Reinstatement with back pay has traditionally been considered an equitable remedy. See Burt v. Abel, 585 F.2d 613, 615 n.1 (4th Cir. 1978) ("If,

8

however, defendants had been sued as municipal officials, the relief sought (i.e. back pay) could be characterized as equitable in nature under the then settled law of the circuit"); see also Jannetta v. Cole, 493 F.2d 1334, 1338 (4th Cir. 1974) (finding "the remedy for constitutionally impermissible discharge from public employment is back pay and reinstatement," where plaintiff alleged he was wrongfully dismissed for circulating a petition). Although there is no right to reinstatement and back pay *per se* merely because of the alleged procedural due process violation, plaintiff may be able to demonstrate that he would not have been discharged had proper process been accorded him. At least at this stage, the claim may be maintained.

The court also agrees with plaintiff's interpretation of the M&R as "allowing Plaintiff recovery of his attorney fees, as costs, should he be determined to be the prevailing party on his section 1983 procedural due process claim." (Pl.'s objs. 3.) 42 U.S.C. § 1988(b) explicitly allows the court, in its discretion, to award attorney's fees as part of the costs to the prevailing party in a § 1983 suit. Such an award would therefore not be barred by an Eleventh Amendment immunity claim.

## CONCLUSION

Where the court has conducted a *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, otherwise adopting as its own the uncontested proposed findings and conclusions upon a considered review, for the reasons more particularly stated herein, the M&R is ADOPTED in PART and REJECTED in PART. Defendants' motions to dismiss are GRANTED as to all claims, except plaintiff's § 1983 claim alleging deprivation of property without due process of law (the procedural due process property interest claim) against individual

9

defendants seeking prospective equitable relief. Where the motions to dismiss are DENIED as to this remaining claim, the case shall proceed.

SO ORDERED this the 30th day of September, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

10